[Crim. No. 2895.   Fourth Dist., Div. One.   June 14, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JOSE VALDEZ DE LEON, Defendant and Appellant.

J. Perry Langford, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert T. Jacobs, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Jose Valdez De Leon, convicted of possessing marijuana (Health & Saf. Code, § 11530), appeals from a probation order deemed a final judgment (Pen. Code, § 1237) imposing a $100 fine plus $10 penalty assessment and other conditions of probation.

About 4 a.m., December 25, 1966, in nearby Otay, Chula Vista Police Patrolman Haskins saw 19-year-old De Leon with three 16-year-olds in a parked car with all its windows rolled up. Haskins approached the vehicle. As the driver rolled down his window Haskins smelled a strong odor of alcohol coming from inside the car. Deputy Sheriff Staninger arrived and asked driver De Leon "Do you mind if I search the car?" "Go ahead," De Leon answered. Staninger found four marijuana cigarettes in the car's trunk. De Leon's right front jacket pocket contained marijuana debris.

De Leon contends that in requesting permission to search the car Staninger should have told him he had a right to refuse permission. A request for permission to search implies a choice of granting or refusing the request, and does not require a warning that consent might be refused (*People v. Roberts*, 246 Cal.App.2d 715, 729 [55 Cal.Rptr. 62]; *People v. Chaddock*, 249 Cal.App.2d 483, 485-486 [57 Cal.Rptr. 582]; see also *People v. Campuzano*, 254 Cal.App.2d 52, 57 [61 Cal.Rptr. 695]; *People v. Dahlke*, 257 Cal.App.2d 82, 87 [64 Cal.Rptr. 599]; *People v. Richardson*, 258 Cal.App.2d

23, 31 [65 Cal.Rptr. 487]; *People* v. *Lyles,* 260 Cal.App. 2d 62, 67-68 [66 Cal.Rptr. 799]).

In his defense, De Leon testified: he bought the marijuana cigarettes four weeks earlier in Los Angeles because he was ashamed to say no to a fellow employee at a restaurant where all the employees smoked marijuana; he drove from Los Angeles County to San Diego County on December 24, 1966; he had forgotten the cigarettes were in the trunk; the jacket belonged to one of the 16-year-olds.

■ De Leon asserts his testimony is evidence he did not know of the presence of his marijuana while he was in San Diego County, and, therefore, the trial court should have instructed the jury to find guilt it must find he knew of the presence of marijuana while in San Diego County. In substance, the trial court did so instruct. The trial court read to the jury the information charging De Leon with possessing his marijuana in San Diego County on or about December 25, 1966, and instructed to find him guilty the jury must find he knew of the presence of marijuana. The knowledge instruction clearly referred to the time and place at which the charged possession occurred.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied July 2, 1968, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied August 21, 1968. Peters, J., was of the opinion that the petition should be granted.